United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID NGUYEN,
Plaintiff,
v.
AMERICAN CREDIT ACCEPTANCE, LLC,
Defendant.

Case No. 26-cv-10582-NC

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Re: ECF 1

This Court orders Defendant American Credit Acceptance, LLC to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). The removing party has the burden of establishing that removal is proper. *Lindley Contours LLC v. AAAB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011).

Here, Defendant alleges that this Court has diversity jurisdiction. Defendant argues this is because it is a "citizen of South Carolina, North Carolina and Tennessee," and Plaintiff is a citizen of California. ECF 1 ¶ 13. To support its citizenship, Defendant only

United States District Court
Northern District of California

alleges that its "members are all citizens of and domiciled in South Carolina, North Carolina and Tennessee." *Id.* ¶ 12. However, a defendant "cannot sufficiently demonstrate the citizenship of the members of a limited liability company (or partnership) without alleging who those members are, so that the Court can determine whether the members themselves are limited liability companies (or partnerships)." *Matrix Int'l Textile, Inc. v. DMD Int'l, Ltd.*, No. 12-cv-5023-GW-RZX, 2012 WL 12903645, at *1 (C.D. Cal. July 31, 2012) (citations omitted). Without information Defendant's members, this Court cannot assess whether complete diversity exists.

Accordingly, Defendant American Credit Acceptance, LLC must show cause in writing by October 2, 2026, why this case should not be remanded back to state court for lack of subject matter jurisdiction. Plaintiffs may respond by October 9, 2026.

**IT IS SO ORDERED.**

Dated: September 18, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge